**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

DUBOIS, et al.,

        Plaintiffs,

v.                                    Case No: 4:03-CV-107-SPM

LEVINE, et al.,

        Defendants.


**ORDER OF PROTECTION OF CONFIDENTIAL INFORMATION RELATING TO**
<u>**UNNAMED CLASS MEMBERS**</u>

      This matter having come before the Court on joint request of counsel for the parties in the above referenced case.

      This Court has certified a class in this action consisting of all individuals with traumatic brain or spinal cord injuries who the state has already determined or will determine to be eligible to receive BSCI Waiver Program services and have not received such services (class members).

      This Court determined, on March 1, 2004 that the named Plaintiffs are adequate class representatives and that counsel for the named Plaintiffs now represent the class certified by the Court.

      The Plaintiffs have served discovery requests seeking certain information pertaining to individual class members.   This information is in the possession of

Defendants.  Plaintiffs' counsel requires this information to represent the class members in this action.  Certain of this information is confidential and/or individually identifiable health information and must be treated as confidential by all parties and their agents, all agencies maintaining such information and their agents, as well as the Court, in accordance with the confidentiality of state and federal law.  It is hereby

**ORDERED AND ADJUDGED** that this Order of Protection of Confidential Information Relating to Unnamed Class Members shall control the confidentiality of all information pertaining to class members, including unnamed class members, that is sought by discovery in this action.  The purpose of this Order is to facilitate the production and use of such information in the litigation while simultaneously preserving the confidentiality of such information and the privacy interests of class members.

1.      Subject to the limitations of this Order, the Defendants shall produce, at a mutually agreed upon schedule, all information and documents properly requested in this litigation that otherwise would be discoverable but for confidentiality requirements under state and federal law, including without limitation § 381.775, Fla. Stat. (2004)**;** 42 U.S.C. §§ 1320d-6 & 1396a; 42 C.F.R. §§  431.300 - 431.307; 45 C.F.R. §§ 160 and 164.  Disclosure in accordance with this Order shall not be deemed a violation of any class members' confidentiality rights or the confidentiality of the Defendants or any of their agents.

2.      "Confidential Information" means all information concerning a person's

2

social, behavioral, medical, financial history or condition, supplied by any class member or, by any person who is a family member of any class member, to the Defendants.

3.      "Health information" means any information, whether oral or recorded in any form or medium, that:  (1) is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and  (2) relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.

4.      "Individually Identifiable Health Information" is information that is a subset of health information, including demographic information collected from an individual, and:  (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and  (2) relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and  (i) that identifies the individual; or  (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

5.      "Class Members" means members of the class defined in this Court's Order on Pending Motions dated March 1, 2004.

3

6.      "Defendants" and "Plaintiffs" mean the named parties in this action.

7.      Confidential Information and Individually Identifiable Health Information will be used only for the purpose of litigation between the Class Members and Defendants.

8.      Plaintiffs' counsel are deemed to have satisfied the waiver requirements of §381.775(1)(a), Fla. Stat. (2004), as the personal representative of each of the class members.

9.      Defendants shall permit access to and photocopying, at Plaintiffs' expense, of the records referenced in paragraph 1 for each of the class members at the local offices where such records are maintained.  Such access is granted solely to Plaintiffs' counsel, Andrea Costello and Peter Sleasman, consistent with a schedule mutually agreed upon by the parties.

10.     Confidential Information and Individually Identifiable Health Information will be disclosed only to the following:

a.      Counsel for class members and one legal assistant for class counsel to the extent necessary for purposes of routine office filing and organization of the documents produced;

b.      Counsel for Defendants and one legal assistant for Defendants' counsel to the extent necessary for purposes of routine office filing and organization of the documents produced;

c.      Employees of the Defendants who already have access to such

4

information or would in the normal course of their duties have access to such information and who will treat the information in accordance with existing confidentiality requirements under state and federal law; and

       d.    The class member that is the subject of the record, consistent with the limitations of §381.775(1)(a), Fla. Stat. (2004).

9.    Confidential Information or Individually Identifiable Information shall not be disclosed to third parties, including other class members, except in a manner that ensures that an individual class member cannot be identified based upon such disclosure.

10.    Plaintiffs' counsel shall ensure that upon termination of this action, all copies furnished to them pursuant to this Order or copies made thereof and notes disclosing the contents thereof to the extent they include Confidential Information or Individually Identifiable Health Information, shall be destroyed.

11.    Plaintiffs' counsel must return to the Court to request further authority to disclose Confidential or Individually Identifiable Information if they believe such disclosure is necessary.

12.    Plaintiffs' counsel shall remain subject to §381.775(1), Fla. Stat. (2004), consistent with this Order.

**DONE AND ORDERED** this __15th__ day of July, 2004.


                              **s/ A. KORNBLUM**
                              ALLAN KORNBLUM
                              UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing was served
via  electronic notification on this 6th day of July, 2004 to the following:

               George Waas and Douglas B. MacInnes
               Office of the Attorney General
               PL01, The Capitol
               Tallahassee, FL 32399-1050


                 s/ Andrea Costello
                 Andrea Costello